EDMUND B. EVANS, Receiver, *vs.* L. B. PEASE.

PROVIDENCE—FEBRUARY 10, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Receivers.  Parties to Action.*

A receiver of a corporation may sue in his official capacity upon promises made to the corporation which he represents, on the ground that for the time being the functions of the corporation are suspended and vested in the receiver.

In such case the rule of pleading to be applied to actions brought by receivers appointed under the authority of the court should not differ from that applicable to similar actions brought by receivers appointed under statutes giving express or implied authority to sue in their own names.

(2)  *General Powers of Court of Equity.*

The general power of a court of equity extends to the making of such an appointment for a foreign corporation in cases involving only an ancillary receivership.

ASSUMPSIT by a receiver of a foreign corporation appointed in this State, brought in his own name as receiver and declaring on promises made to the corporation. Certified from the Common Pleas Division, and heard on demurrer to the declaration.

STINESS, J. ' The defendant demurs to the declaration upon the ground that the suit is brought by the plaintiff in his capacity as receiver, while the promises are alleged to have been made to the Washington Building Trust Co., which he represents.

(1)     As stated in *De Wolf, Receiver,* v. *Sprague,* 11 R. I. 380, the uniform practice in this State has been for receivers to sue in their own names.    While in most of these cases, perhaps all, the receivers have been appointed under provisions of our statutes, we see no reason why the rules of pleading should be any different for those appointed under a statute, where the authority to sue personally.is implied and not expressed, and those appointed under the authority of the court. This is the opinion stated in 5th Thompson's Corp. § 6977, although no case is cited in support of it.    Such a conclusion must rest upon the fact that for the time being the functions of the corporation are suspended and vested in the receiver. In Beach on Receivers, §§ 692–693, it is shown that authority to sue personally may depend either upon statute or the order of the court, and that the theory that the receiver does not become invested with the legal title to choses in action is losing ground, as being unsatisfactory and unnecessarily technical.    See Alderson's edition, p. 739, notes 1, 2, and 3 ; Am. & Eng. Ency. Law, Vol. 20, p. 231, note 1, and cases cited. The declaration in this case shows that the decree gave the receiver " full power to sue for and collect " the assets of the corporation.    With this power in the order of appointment, similar to that given by statute, for the reason stated, we think that the receiver may sue in his own name.

At the hearing stress was laid upon the fact that the plaintiff is a receiver of a foreign corporation, and hence that there was no authority to appoint a receiver.

(2)     The decree is referred to in the declaration, and the bill, in which the decree was entered, shows that the corporation was located in Montreal, where a receiver had been appointed, so that the appointment here was simply ancillary.    In *Stafford* v. *American Mills,* 13 R. I. 310, and *Pierce* v. *Crompton,* 13 R. I. 312, it was held that under our insolvent law,

Public Laws, cap. 723, § 2, 1878, the court could not appoint a receiver of a foreign corporation. The ground of these decisions was that the law applied only to residents of the State, because under § 1 the assignment was to be recorded in "the town or city where the assignor resides," and under § 2 the proceeding by creditors was to be brought "in the county where such debtor resides." Hence, it was inapplicable to a foreign corporation, which has no residence in this State.

The case before us involving only an ancillary receivership, the appointment is sustainable under the general power of a Court of Equity as now recognized. Beach on Receivers, Alderson's edition, pp. 40–44 ; *Reynolds* v. *Stockton*, 140 U. S. 254 ; *Williams* v. *Hintermeister*, 26 Federal Reports, 891.

The demurrer is overruled.

*Edward D. Bassett and Edward L. Mitchell*, for plaintiff.
*Clarence A. Aldrich*, for defendant.